# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IONIAN BRIGHT STAR CORP. S.A.,

Plaintiff,

-against-

BRAMPTON INTERNATIONAL TEAM S.A.,

Defendant.

**SUMMONS IN A CIVIL ACTION**

Case No. 08 CV 2425

JUDGE GRIESA

**TO**: (name and address of defendants)

BRAMPTON INTERNATIONAL TEAM S.A.
Akara Building, 24 De Castro Street,
Wikhams Cay 1
Road Town, Tortola, BVI

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

[signature: Marcos Quintero]

DEPUTY CLERK

DATE: MAR 10 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IONIAN BRIGHT STAR CORPORATION, S.A.,

                08-cv-_____

        Plaintiff,

        -against-              <u>VERIFIED</u>
                                         <u>COMPLAINT</u>

BRAMPTON INTERNATIONAL TEAM S.A.,

        Defendant.
------------------------------------x

        PLEASE TAKE NOTICE, that Plaintiff, IONIAN BRIGHT STAR CORPORATION, S.A. ("IONIAN"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, BRAMPTON INTERNATIONAL TEAM S.A. ("BRAMPTON"), alleges, upon information and belief, as follows:

        1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

        2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

        3.    Defendant, BRAMPTON, is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located in Akara Building, 24 De Castro Street, Wikhams Cay 1, Road Town, Tortola, British Virgin Islands.

4. Plaintiff, as owner, and defendant, as charterer, of the M/V BRIGHT STAR I entered into a Time Charter dated February 23, 2007 at Paris.

5. Plaintiff has sustained, and will continue to sustain, damages for which BRAMPTON is liable under the charter party, including, among other aspects, repair costs for stevedore damage to the vessel's tank top and appurtenances, as well as attendant fees and expenses incurred and earnings lost as a result of the said stevedore damage and repairs, and interest and legal fees, all totaling at least $368,568.

6. Plaintiff has placed BRAMPTON on notice of its claim that BRAMPTON has breached the time charter as aforesaid.

7. Despite Plaintiff's demands, BRAMPTON has failed to pay the amounts due and owing to Plaintiff under the time charter.

8. Pursuant to the time charter, disputes are to be settled by arbitration, and Plaintiff will shortly commence arbitration with BRAMPTON, accordingly.

9. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

10. As a result of BRAMPTON's breach of the time charter, Plaintiff expects to recover, as best as can now be estimated, the following amounts, exclusive of additional interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $227,600.00 |
| Interest (for a period of 3 yrs at 6.0%) | $40,968.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $100,000.00 |
| **Total** | **$368,568.00** |

11.  Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

12.  All conditions precedent required of Plaintiff in the aforesaid shipments have been performed.

13.  Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or Berenberg Bank, which are believed to be due and owing to Plaintiff.

14. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS, Berenberg Bank and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$368,568.00** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.      That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, New York
         March 10, 2008

>                       Respectfully submitted,
>
>                       MAHONEY & KEANE, LLP
>                       Attorneys for Plaintiff
>                       IONIAN BRIGHT STAR CORP. S.A.
>
>                       By: _____
>                       Edward A. Keane (EK 1398)
>                       111 Broadway, Tenth Floor
>                       New York, NY 10006
>                       (212) 385-1422
>                       File No. 12/3541

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, IONIAN BRIGHT STAR CORP. S.A. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York

          March 10, 2008

                                        _____
                                        EDWARD A. KEANE (EK 1398)